UNITED STATES BANKRUPTCY COURT
for the
DISTRICT OF MASSACHUSETTS

```
=========================================
                                         *
In Re:                                   *
                                         *  Chapter 7
    LAURA DeLUNA,                        *  No. 05-11864-WCH
                                         *
                        Debtor           *
                                         *
=========================================
                                         *
    LAURA DeLUNA,                        *
                                         *  Adversary Proc.
                        Plaintiff        *  No. 05-1373
                                         *
            vs.                          *
                                         *
    CITY OF WALTHAM,                     *
                                         *
                        Defendant        *
                                         *
=========================================
```

DECISION ON MOTION FOR RECONSIDERATION
OF GRANT OF MOTION TO DISMISS

**Introduction**

Laura DeLuna ("Plaintiff") brought this adversary proceeding against the City of Waltham ("Defendant") with respect to an excise tax assessed against her automobile. She sought a determination that the tax was fully dischargeable, actual and punitive damages, and attorney's fees. Defendant moved to dismiss. After a hearing, I granted that motion.

Plaintiff has moved for reconsideration based upon a decision by Judge Somma

1

issued subsequent to my grant of the motion to dismiss. I held a hearing on the motion for reconsideration and then took the matter under advisement. For the reasons set forth below, I will enter an order denying the motion for reconsideration.

### Controlling Standard

"A motion for reconsideration is not a means by which parties can rehash previously made arguments....To succeed on a motion to reconsider, the Court requires that the moving party show newly discovered evidence or a manifest error of fact or law."[1] Here Plaintiff contends that based upon Judge Somma's decision, discussed below, my prior ruling was erroneous.

### Facts

On January 1, 2002 Plaintiff lived in the City of Waltham and owned a 1984 Chevrolet. On March 6 of that year, Defendant issued a motor vehicle excise tax bill to Plaintiff seeking payment of a tax in the amount of $17.50. The Bill provided that it was "for the year 2002 due and payable in full within 30 days of issue."[2] It further provided that "if not paid when due subject to penalties of interest, demand charges and fees. Interest accrues on any unpaid balance until the date of payment at an annual rate of 12%."[3]

On March 15, 2005, Plaintiff filed a voluntary petition under Chapter 7. The date of filing was more than three years subsequent to the date of the tax bill but less than three years from the last date for payment of the tax without interest or penalties. At the time of

---

[1] *In re* Wedgestone Financial, 142 B.R. 7, 8 (Bankr. D. Mass. 1992) (citations omitted).

[2] Complaint, Docket No. 1, Ex. A.

[3] *Ibid.*

the filing of the present complaint, the amount due had grown to $76.78 with interest and charges.

The Massachusetts Registry of Motor Vehicles (the "Registry") refuses to renew Plaintiff's driver's license because of the unpaid tax.[4]

## Prior Proceedings

At the prior hearing, Plaintiff conceded that the tax at issue is an excise tax, as Judge Feeney held in *Appugliese*.[5] The issue then remaining was the application of the time within which an excise tax is not dischargeable. The Code provides that a debt is not dischargeable if it is "for a tax . . . of the kind and for the period specified in section 507(a)(2) or 507(a)(8)."[6] The last cited provision deals with excise taxes

> on (i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or (ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition. . . .[7]

Plaintiff argued that the excise tax became fixed on January 1, 2002, when the liability for the tax arose, or, at the latest, on March 6, 2002, when the bill was mailed. Defendant urged adoption of the April 5 date, the last day upon which the tax could have

---

[4] "Upon receipt of such notification of nonpayment the registrar shall place the matter on record and not renew the license to operate a motor vehicle of the registered owner of said vehicle or the registration of said vehicle ... until after notice from the local tax collector or the commissioner of revenue that the matter has been disposed of in accordance with law." Mass. Gen. Laws ch. 60A, § 2A.

[5] *In re* Appugliese, 210 B.R. 890, 897 (Bankr. D. Mass. 1997).

[6] 11 U.S.C. § 523(a)(1)(A).

[7] 11 U.S.C. § 507(a)(8)(E).

been paid without penalty.

I held that the "transaction" occurred on the date the tax was last payable without penalty, relying upon Mass. Gen. Laws ch. 60A, § 2, which provides in part that "the excise hereunder shall be due and payable at the expiration of thirty days from the date upon which the notice was issued. . . ." No further issues were raised or discussed. I granted the motion to dismiss in an oral bench decision on August 17, 2005.

### The *Jessamey* Decision

On August 24, 2005, just one week after my decision, Judge Somma published his ruling in the *Jessamey* case.[8] To the extent relevant to the present discussion, Jessamey sought to hold a town in contempt for violation of the automatic stay for blocking the renewal of his car registration under the same statute as is involved here. Judge Somma ruled that "the postpetition blocking or withholding of privileges pursuant to Mass. Gen. Laws ch. 60A, § 2A, is a violation of the automatic stay where it is done without prior relief from the automatic stay."[9] He held that the issue of the dischargeability of the excise tax is irrelevant.[10]

### Discussion

By this adversary proceeding, Plaintiff sought a declaration that the tax assessed against her vehicle was fully dischargeable. The only issues involved in the complaint were whether the tax in question was an excise tax and when the "transaction" occurred.

---

[8] Jessamey v. Town of Saugus (*In re* Jessamey), 330 B.R. 80 (Bankr. D. Mass. 2005).

[9] *Id.* at 85.

[10] *Id.* at 86.

4

Plaintiff conceded the first point and I held against her on the latter. The automatic stay is implicated neither in Plaintiff's complaint nor in the motion to dismiss. Whatever may be the merits of *Jessamey*, it does not affect my prior decision. If *Jessamey* had been decided prior to the hearing on the motion to dismiss, it would not have affected my ruling.

## Conclusion

Since there has been no demonstration of a manifest error of law, the motion for reconsideration is DENIED and an order to that effect will enter.

William C. Hillman
United States Bankruptcy Judge

Dated: 10/26/05